HERMENEGILDO ORTIZ QUIÑONES, recurrido y peticionario, *v.* ADMINISTRACIÓN DE REGLAMENTOS Y PERMISOS, apelada, PARROQUIA SAGRADOS CORAZONES, recurrente y recurrida, JUAN J. HERNÁNDEZ LÓPEZ DE VICTORIA, recurrido y peticionario y LOS VECINOS DE MALLORCA, PARKVILLE ESTE y SAN RAMÓN p/c BLANCA I. PAGÁN, interventores y recurridos.

*Número:* CC-97-709          *Resuelto:* 9 de octubre de 1998

*Daniel Martínez Oquendo,* abogado de la parte peticionaria; *Carmen I. Chiqués Velázquez,* abogada de la parte recurrida.

EL JUEZ PRESIDENTE SEÑOR ANDRÉU GARCÍA emitió la opinión del Tribunal.

Nos corresponde resolver hoy si la notificación de un recurso de revisión de una decisión administrativa enviada oportunamente por correo certificado con acuse de recibo a una dirección incorrecta es eficaz.

I

La recurrida Parroquia Sagrados Corazones acudió ante el Tribunal de Circuito de Apelaciones para revisar una determinación de la Junta de Apelaciones sobre Construcciones y Lotificaciones. Presentó su recurso el 29 de septiembre de 1997, el último día del término que establece la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2172 (Supl. 1997), para solicitar la revisión de las decisiones administrativas. En esa misma fecha la re-

currida notificó a las demás partes enviándoles el escrito inicial de revisión por correo certificado con acuse de recibo. El 2 de octubre de 1997, sin embargo, la abogada de la recurrida recibió devuelto el documento enviado al peticionario Hermenegildo Ortiz Quiñones, con una indicación de que la dirección del destinatario era incorrecta.[1] Ese mismo día la abogada de la recurrida entregó personalmente el documento en la oficina del abogado del peticionario.

Ante estas circunstancias, el peticionario solicitó la desestimación del recurso argumentando que no se había perfeccionado. El Tribunal de Circuito de Apelaciones se negó a desestimar por considerar que la recurrida había demostrado un "verdadero interés ... [en] cumplir con el requisito de notificación del recurso". Resolución de 23 de octubre de 1997, pág. 2. A solicitud de los peticionarios Hermenegildo Ortiz Quiñones y Juan J. Hernández López de Victoria le ordenamos a la recurrida mostrar causa por la cual no debíamos revocar la determinación del Tribunal de Circuito de Apelaciones.

## II

La Sec. 4.2 de la L.P.A.U, *supra*, establece un término de treinta (30) días contados a partir de la fecha del archivo en autos de copia de la notificación de una orden o resolución final administrativa para presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones. La parte peticionaria tiene la obligación de notificar la presentación de su solicitud a la agencia y a todas las partes dentro del término para solicitar la revisión. Véase 3

---

[1] El sobre usado tenía una anotación de la oficina del servicio postal federal que indicaba: "Return to sender: no such number." Apéndice, pág. 011. El error radicó en la confusión del número de la oficina del abogado del peticionario Hermenegildo Ortiz Quiñones. En vez de consignar "Ave. Jesús T. Piñero #1111" en el sobre, la recurrida consignó "Ave. Jesús T. Piñero #111". Íd.

L.P.R.A. sec. 2172.([2]) En *Méndez v. Corp. Quintas San Luis*, 127 D.P.R. 635, 637 (1991), resolvimos que tanto la presentación como la notificación del recurso de revisión a las partes, dentro del término de treinta (30) días que dispone la Sec. 4.2 de la L.P.A.U., *supra*, son requisitos jurisdiccionales. La presentación o la notificación hechas fuera del término, por lo tanto, privan de jurisdicción al tribunal para entender en los méritos del recurso.

La Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, precisa que la notificación del recurso de revisión se puede hacer mediante envío por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo por parte de una empresa privada. Esta regla establece, además, que cuando la notificación se hace por correo "[l]a fecha del depósito en el correo se considerará como la fecha de la notificación a las partes". Véase 4 L.P.R.A. Ap. XXII-A, R. 58(B).

### III

En este caso, la recurrida se ampara en la Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, para argumentar que cumplió con el requisito de notificación. Sostiene que depositó oportunamente la notificación dirigida al peticionario Hermenegildo Ortiz Quiñones y que, debido a que la fecha del depósito en el correo se considera como la fecha de la notificación a las partes, el recurso fue debidamente perfeccionado.

El error en este argumento radica en la presunción de que *cualquier* notificación por correo dentro del término es suficiente para perfeccionar el recurso. La eficacia

---

([2]) Véase, además, el Art. 4.002(g), Plan de Reorganización Núm. 1[a] de 28 de julio de 1994, conocido como la Ley de la Judicatura de Puerto Rico 1994 (4 L.P.R.A. sec. 22k(g)).

de la notificación, sin embargo, depende de que ésta se haya hecho bien y, para ello, el escrito de revisión se tiene que enviar no a cualquier dirección, sino, obviamente, a la dirección *correcta*.

El error en este caso respondió ciertamente a la inadvertencia de la persona que consignó la dirección de la oficina del abogado del peticionario Hermenegildo Ortiz Quiñones en el sobre donde se envió el escrito de revisión. Por otro lado, la recurrida demostró efectivamente su buena fe e interés al entregar personalmente el escrito inmediatamente después de que se le devolvió. Tampoco hay duda de que la diferencia entre la fecha en que el peticionario recibió personalmente el documento y la fecha en que lo hubiera recibido a través del correo es insignificante. No obstante, el carácter jurisdiccional de la notificación en este caso nos obliga a concluir que el recurso de revisión presentado nunca se perfeccionó y, por lo tanto, no tenemos otra alternativa que revocar la resolución del Tribunal de Circuito de Apelaciones.

*Se dictará sentencia de conformidad con los fundamentos expuestos en esta opinión.*

El Juez Asociado Señor Fuster Berlingeri concurrió con el resultado sin opinión escrita. El Juez Asociado Señor Negrón García se inhibió.