En el Tribunal Supremo de Puerto Rico

| Diócesis de Mayaguez de la Iglesia Católica Apostólica Romana<br><br>    Recurente<br><br>    V.<br><br>Junta de Planificación de Puerto Rico<br><br>    Recurrida | Certiorari<br><br>99TSPR-11 |
| --- | --- |

Número del Caso: CC-97-295

Abogados de la Parte Peticionaria: Lcdo. Federico Rodríguez Pagán

Abogados de la Parte Recurrida, Junta de Planificación de Puerto Rico:
Lcda. Gloria M. Soto Burgos, Lcda. Teresa M. Pérez Stuart

Abogado del Colegio de Ingenieros y Agrimensores de Puerto Rico:
Lic. Carlos J. Quilichini

Lic. Celedonio Medin Lozada: OPOSITOR PRO SE

Tribunal de Instancia:

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones: San Juan

Juez Ponente: Hon. Giménez Muñoz

Panel integrado por:  Pres. la Juez Alfonso de Cumpiano y los Jueces Miranda de Hostos y Giménez Muñoz

Fecha: 2/5/1999

Materia: Revisión Administrativa

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Diócesis de Mayagüez de
la Iglesia Católica
Apostólica Romana

    Recurrente

    v.                       CC-97-295       Certiorari

Junta de Planificación de
Puerto Rico

    Recurrida

PER CURIAM

San Juan, Puerto Rico, a 5 de febrero de 1999

La Diócesis de Mayagüez de la Iglesia Católica Apostólica Romana (en adelante "Diócesis") acude ante nos mediante solicitud de auto de certiorari en la que nos pide que revisemos la Resolución del Tribunal de Circuito de Apelaciones, Circuito I (en adelante "Tribunal de Circuito"), que desestimó por falta de jurisdicción un recurso de revisión de una resolución de la Junta de Planificación de Puerto Rico (en adelante "Junta"). A continuación los hechos pertinentes:

I

En 1989 el Colegio de Ingenieros y Agrimensores de Puerto Rico (en adelante "Colegio") presentó una Consulta de Ubicación y Uso (en adelante "Consulta") ante la Junta para la construcción de una Casa Capitular en una finca de su propiedad ubicada en una zona residencial de Mayagüez. La Diócesis se opuso oportunamente a la misma. El 20 de

diciembre de 1995, la Junta emitió una resolución aprobando la referida Consulta.  Oportunamente, la Diócesis presentó Moción de Reconsideración.

El 29 de enero de 1997, la Junta emitió y notificó otra resolución, la cual, en lo pertinente, dispone como sigue:

> Tomando en consideración lo anteriormente expuesto en virtud de las disposiciones de las leyes, reglamentos y normas de planificación vigentes, esta Junta de Planificación de Puerto Rico, mediante la Presente Extensión, DECLARA NO HA LUGAR la solicitud a la Consulta Número 89-29-1859-JPU para la ubicación de un proyecto institucional en el Barrio Miradero de Mayagüez.
>
> DISPONIÉNDOSE que si el promovente de la solicitud de reconsideración no está de acuerdo con lo aquí resuelto, puede entablar recurso de revisión ante el Tribunal Superior de Puerto Rico, Sala de San Juan o la Sala cuya jurisdicción corresponda al lugar donde está ubicado el proyecto, dentro del término de treinta (30) días contados a partir de la fecha del archivo en autos de copia de la notificación de esta Resolución." (Énfasis suplido.)

Al recibir esta resolución[1], la Diócesis entendió que la Junta había denegado su petición de reconsideración

---

[1] De entrada señalamos que la Resolución que estamos considerando está redactada en términos sumamente confusos y que se contradice a sí misma.  De su lectura no se puede determinar si la Junta reconsideró su determinación inicial y decidió no conceder la Consulta solicitada por el Colegio o si por el contrario, decidió no reconsiderar y afirmó su determinación inicial.  Esta confusión se produce porque la Resolución declara no ha lugar la solicitud de la Consulta pero, a la vez, apercibe a la promovente de la solicitud de reconsideración de su derecho a solicitar revisión de la decisión.  Esto no hace sentido.  Si está concediendo precisamente lo que le solicitó la promovente de la moción de reconsideración, por qué apercibirle de su derecho a que se revise la determinación.  Por otro lado, si reconsideró y decidió no conceder la Consulta, entonces no era a la

reafirmando la Consulta otorgada al Colegio, por lo que el 28 de febrero de 1997, presentó un recurso de revisión ante el Tribunal de Circuito de Apelaciones[2]. Dicha presentación, sin embargo, no la notificó a las demás partes en el pleito ni a la Junta hasta el lunes siguiente, día 3 de marzo de 1997, más de treinta y tres (33) días después de haberse archivado en autos copia de la notificación de la resolución.

Oportunamente, el Colegio presentó su oposición a la expedición del recurso de revisión, aduciendo que el Tribunal carecía de jurisdicción porque la Diócesis incumplió el requisito de notificación a las partes dentro del término jurisdiccional dispuesto por ley. A ello la Diócesis contestó que la jurisprudencia citada por el Colegio en apoyo de su posición no es aplicable a los hechos de este caso porque éstos tienen su marco de referencia en unas leyes

---

promovente de la solicitud de reconsideración a quien tenía que advertirle de su derecho a pedir revisión, sino al Colegio.

Para efectos de nuestra intervención, partiremos de la premisa de que la Resolución declaró sin lugar la moción de reconsideración, por lo que es la Diócesis la parte que tiene interés en solicitar la revisión. No obstante, este era un punto que el Tribunal de Circuito de Apelaciones hubiera tenido que aclarar si se hubiera llegado a perfeccionar el recurso de revisión dentro del término jurisdiccional.

[2] El recurso lo presentó originalmente en el antiguo Tribunal Superior, Sala de Mayagüez, pero la Secretaría de dicho tribunal no lo aceptó por no ser el Tribunal Superior el tribunal con jurisdicción para ventilar el recurso.

que sólo exigen la notificación mediante correo ordinario.
Aquí, por el contrario, el Reglamento del Tribunal de
Circuito de Apelaciones exige que la notificación se haga por
correo certificado con acuse de recibo. "Existe, por lo
tanto, no solo el factor del costo adicional del proceso, si
no también el tiempo adicional que conlleva el proceso mismo
de la tramitación de esta notificación en el correo de los
Estados Unidos." Apéndice a la Petición de Certiorari, pág.
96 (Moción Sobre Oposición a la Expedición de Auto de
Revisión.) En consecuencia, alegan, no es de aplicación el
concepto estricto de falta de jurisdicción por defectos en la
notificación.

El Tribunal de Circuito de Apelaciones, por resolución
dictada el 2 de mayo de 1997, desestimó el recurso dándole la
razón al Colegio. De esta determinación acude ahora ante nos
la Diócesis con un nuevo argumento. Plantea que el
apercibimiento que por ley la Junta tenía que incluir en su
denegatoria de la moción de reconsideración tenía que
indicarle que el foro con jurisdicción para la revisión
judicial lo era el Tribunal de Circuito de Apelaciones. Al
habérsele indicado erróneamente que el foro con jurisdicción
lo era el Tribunal Superior, el apercibimiento no cumplió con
las exigencias legales. En consecuencia, el término para
presentar el recurso de revisión ni siquiera había comenzado
a correr cuando se notificó el recurso de revisión.

Veamos porqué no tiene razón la parte recurrente.

## II

La Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada por la Ley Núm. 247 de 25 de diciembre de 1995, 3 L.P.R.A. § 2101 et seq, establece el procedimiento a seguir para la revisión de órdenes, resoluciones y providencias dictadas por las agencias o funcionarios administrativos del Estado Libre Asociado de Puerto Rico.  En virtud de dicha ley, una parte que ha sido afectada adversamente por una orden o resolución y que haya agotado todos los remedios administrativos disponibles, podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones dentro de un término de treinta (30) días.  La parte así afectada también deberá notificar la presentación de su recurso de revisión a la agencia pertinente y a todas las demás partes dentro del mismo término.  Este es un requisito jurisdiccional cuyo incumplimiento privará de jurisdicción al foro apelativo.  3 L.P.R.A. § 2172;  Regla 58(B) del Reglamento del Tribunal de Circuito de Apelaciones; Ortiz Quiñones v. Parroquia Sagrados Corazones, Op. del 9 de octubre de 1998, 98 J.T.S. 131; Constructora I. Meléndez, S.E. v. Junta de Subastas, Op. del 14 de octubre de 1998, 98 J.T.S. 134 (Per Curiam); Méndez Cabrera v. Corporación Urbanizadora Quintas de San Luis, 127 D.P.R. 635 (1991).

Ahora bien, ¿cuándo es que comienza a correr el término para presentar y notificar el recurso de revisión ante el Tribunal de Circuito de Apelaciones?  El cuarto párrafo de la sección 3.14 de la L.P.A.U., 3 L.P.R.A. § 2164, nos ofrece la respuesta a dicha pregunta.  El mismo reza:

> "La orden o resolución advertirá el derecho de solicitar la reconsideración o revisión de la misma, con expresión de los términos correspondientes.  Cumplido este requisito comenzarán a correr dichos términos."

Del texto transcrito se desprende que una orden o resolución debe cumplir con dos requisitos para que comience a correr el término para solicitar su revisión.  Primero, la orden o resolución debe expresar los términos para solicitar la revisión.  Esto se cumple simplemente con incluir en la orden o resolución la fecha en que se archivó en autos copia de su notificación e informando a las partes que a partir de dicha fecha tendrán treinta (30) días para solicitar la revisión.

En el caso de autos este requisito se cumplió.

Segundo, para que comience a correr el término, la orden o resolución debe advertir a las partes, particularmente a la perjudicada, del derecho que tiene a solicitar su revisión.  Esto conlleva únicamente que le informe que le asiste este derecho, sin necesidad de expresarle el foro al cual debe acudir, salvo que la ley habilitadora o un reglamento de agencia provea expresamente que la notificación tiene que

indicar también el foro para presentar el recurso de revisión judicial.  No obstante, si la agencia opta por ofrecer esta información adicional e indica un foro erróneo, la parte que no logre perfeccionar su recurso a tiempo precisamente porque acudió erróneamente al foro que se le indicó por la agencia, podrá levantar esta circunstancia como defensa para justificar su error.

Así lo establecimos en Carabani v. A.R.P.E., res. el 9 de marzo 1993, 132 D.P.R., _____, 93 JTS 35, donde resolvimos que un error en la resolución en cuanto al foro al cual las partes debían acudir para solicitar revisión de una decisión de la Administración de Reglamentos y Permisos impedía que se desestimara un recurso de revisión por no haber sido presentado en el foro con jurisdicción dentro del término correspondiente.  Expresamos:

> Resolver en contrario sería permitirle a A.R.P.E. el beneficiarse de sus actuaciones induciendo a error a los peticionarios, quienes confrontados con una disposición de ley de la cual no surgía de forma diáfana cuál es el foro con jurisdicción para entender en la revisión de las determinaciones de la agencia, optaron por acudir al foro que se les notificó que debían acudir.  El principio de derecho que ordena proceder de buena fe en la vida jurídica impide que A.R.P.E. se beneficie al actuar en contra de sus propios actos."  (Énfasis en el original)  Id. a las págs. 10499 a 10500.

Obsérvese que los hechos que dieron lugar a la decisión que comentamos se distinguen sustancialmente de los hechos del caso de marras.  Aunque en ambos casos la resolución recurrida era errónea al indicar equivocadamente a la parte

perdidosa el foro al cual debía presentar su recurso de revisión, en el caso citado ese error fue lo que impidió que se perfeccionara el recurso de revisión. En dicho caso el recurso, aunque se presentó y se notificó a las demás partes a tiempo, fue presentado en un foro que carecía de jurisdicción debido a que el recurrente optó por seguir las directrices dadas en la resolución en una situación en que el estado de Derecho no establecía claramente cuál era el foro apropiado. Ante estos hechos no podíamos en justicia, como indicamos en la opinión citada, desestimar el recurso de revisión. Mucho menos cuando el estado de derecho era confuso y la recurrente confío en la agencia que por razón de su experiencia y especialización en el campo, debía saber cuál era el foro apropiado.

En el caso de autos, por el contrario, el error cometido en la resolución recurrida no tuvo consecuencias procesales para la recurrente porque el recurso fue correctamente presentado en el foro apropiado dentro del término dispuesto. El problema es que su presentación no fue notificada a las demás partes dentro del plazo para hacerlo. De ninguna manera podemos concluir que esta omisión se debió al error en la resolución recurrida.

Por otro lado, la Regla 58 (B) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. APXXII-A, dispone en su parte pertinente a este recurso, lo siguiente:

(B)	La parte recurrente notificará el escrito inicial de revisión a los (las) abogados(as) de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al funcionario administrativo de cuyo dictamen se recurre, dentro del término para presentar el recurso.

Efectuará	la	notificación	por	correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por empresa privada con acuse de recibo. La parte peticionaria certificará el hecho de la notificación en el propio recurso de revisión.

El escrito inicial de revisión en este caso fue presentado en el foro apropiado, oportunamente –28 de febrero de 1997. En el mismo se certificó por el abogado de la recurrente, "[H]aber enviado copia de este escrito por correo certificado (subrayado nuestro) al Lic. Efrén B. Lugo Pérez, Abogado de la Junta de Planificación, Apartado 41119, Estación Minillas, Centro Gubernamental Minillas, Santurce, Puerto Rico 00940, al Lic. Carlos J. Quilinchini, Oliver Medina & Gorbea, Edificio Esquire, Suite 300, Avenida Ponce de León, Hato Rey, Puerto Rico 00919, abogado del Colegio de Ingenieros y al Lic. Celedonio Médin Lozada, Apartado 1034, Mayagüez, Puerto Rico 00681".

Dicha certificación fue suscrita el día antes de haberse presentado el recurso ante el Tribunal de Circuito de Apelaciones; sin embargo, el depósito en el correo de la copia del recurso en el correo fue hecho el día laborable siguiente al de su presentación. Esto es, al día laborable

siguiente al de haber expirado el plazo jurisdiccional para presentar y <u>notificar</u> el recurso.

La parte recurrente trata de justificar su omisión insinuando que la misma se debió a los costos y esfuerzos adicionales requeridos para hacer una notificación por correo certificado. Se nos escapa la conexión entre tal omisión y el requisito de que la notificación del recurso, cuando se hace por correo, tenga que ser en forma certificada con acuse de recibo.

III

Aplicando todo lo anterior a los hechos ante nos, resolvemos que la Junta informó correctamente del derecho a solicitar la revisión de la resolución y del término para hacerlo. También sostenemos que a pesar de que la Junta erró al indicar el foro al cual se debía acudir para la revisión, no se ha demostrado en este caso que dicho error haya contribuido en forma alguna a la omisión de notificar el recurso a las partes apropiadas dentro del término jurisdiccional dispuesto para ello. En consecuencia, actuó correctamente el Tribunal de Circuito de Apelaciones al desestimar este recurso por falta de jurisdicción.

Por las razones antes expuestas, procede que se dicte sentencia confirmando la Resolución dictada por el Tribunal de Circuito de Apelaciones el día 2 de mayo de 1997.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Diócesis de Mayagüez de
la Iglesia Católica
Apostólica Romana

    Recurrente

    v.                    CC-97-295     Certiorari

Junta de Planificación de
Puerto Rico

    Recurrida

SENTENCIA

San Juan, Puerto Rico, a 5 de febrero de 1999

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta sentencia confirmando la Resolución dictada por el Tribunal de Circuito de Apelaciones el día 2 de mayo de 1997.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre sin opinión escrita. El Juez Asociado, señor Fuster Berlingeri no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo