# 2009 DTA 126

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN**
**PANEL IV**

65TH INFANTRY INDUSTRIAL PARK, INC.
Recurrente

v.

NEGOCIADO DE SERVICIOS AL CONTRIBUYENTE, DEPARTAMENTO DE HACIENDA
Recurrido

San Juan, Puerto Rico, a 14 de septiembre de 2009

Panel integrado por su Presidente, el Juez Arbona Lago,
el Juez Salas Soler y la Juez Colom García

## TEXTO COMPLETO DE LA SENTENCIA

La corporación doméstica 65th Infantery Industrial Park, Inc. (la **Corporación**) realizó ventas de dos fincas urbanas de su propiedad sitas en Puerto Rico durante su año fiscal que terminó el 31 de diciembre de 2006, en las que obtuvo ganancias netas de capital a largo plazo montante a $858,132.00.

En el anejo D de la planilla de contribución sobre ingresos para el año 2006, la Corporación tributó $107,266.00 por dicha ganancia de capital a largo plazo, a la tasa de 12.5%, que informa la sección 1121 (c) del Código de Rentas Internas de Puerto Rico, establecida mediante la Ley 226 de 22 de agosto de 2004 (Ley 226).

El 2 de abril de 2008, notificado a la Corporación el 6 de dicho mes y año, el Departamento de Hacienda de Puerto Rico (**Hacienda**) notificó a la Corporación un alegado "error matemático", mediante escrito titulado "Notificación y Requerimiento de Pago de Contribuciones", núm. de notificación 0045368080402, serie 0745324204084 (la **notificación**). De tal modo, Hacienda requirió a la Corporación un pago adicional de $64,395.00 al entender que la tasa contributiva que corresponde a dicha ganancia de capital a largo plazo es de 20%, conforme a la Carta Circular de Rentas Internas Núm. 05-11 y no de 12.5%. A tal efecto, Hacienda emitió una "Determinación Final" el 27 de mayo de 2008, y el 8 de junio de 2008, la Corporación presentó una Querella ante la Secretaría de Procedimientos Adjudicativos del Departamento de Hacienda al amparo de la Ley 170, de 12 de agosto de 1988, para impugnar la anterior "Determinación Final".

En la Querella, la Corporación expuso que la referida Carta Circular de Rentas Internas Núm. 05-11, en la cual Hacienda basa su determinación en cuanto a la tasa tributaria del 20%, es errónea en tanto y en cuanto la Ley

Núm. 40, del primero de agosto de 2005, que la establece, nunca entró en vigor; precisamente porque su vigencia estaba desde el principio condicionada a que se convirtiera en ley la Resolución Conjunta de Presupuesto General del 2006, lo que nunca ocurrió.

El 17 de septiembre de 2008 se condujo la vista administrativa ante la Secretaría de Procedimientos Adjudicativos en Hacienda (SPA) y el 14 de abril de 2009 se emitió la Resolución, archivada y notificada el 16 de abril de 2009; confirmando la determinación de Hacienda. Hacienda puso al cobro la suma principal de $64,395.00 e intereses por $6,175.59, para un total de $70,570.59.

En la Resolución del Oficial Examinador, del 14 de abril de 2009, se resume el asunto de la siguiente manera:

"........

*En el caso ante nuestra consideración, la controversia a resolver gira en torno a si la contribución aplicable a la ganancia de capital a largo plazo, reportada en la planilla de contribución sobre ingresos para el año contributivo 2006 por la Contribuyente, le aplican las tasas alternativas mínimas contributivas, o si en su defecto le aplica la tasa contributiva de 20% como pretende el Negociado, conforme lo dispuesto por la Ley Núm. 40.*

*El Artículo 6 de la Ley Núm. 40 establece lo siguiente:*

*"Esta Ley entrará en vigor el 1ro. de julio de 2005 y sus disposiciones serán aplicables con respecto a transacciones efectuadas en años contributivos comenzados después del 30 de junio de 2005. Esta Ley tendrá vigencia hasta el 30 de junio de 2007, sujeta a que se convierta en Ley, el Presupuesto General de 2006."*

*Como se puede observar del citado Artículo, esta Ley fue establecida por un tiempo determinado, estableciendo la fecha en que entra en vigor la Ley, la cual no está sujeta a limitación o condición alguna; hasta la fecha en que perderá su vigencia, la cual está sujeta a que se convierta en Ley Presupuesto 2006. Esto implica que al no aprobarse dicha Resolución, las disposiciones de esta Ley siguen vigentes,; esto incluye las tasas alternativas mínimas para ganancia de capital a largo plazo. El Código Civil de Puerto Rico de 1930, según enmendado, en su Artículo 6 establece que cuando la Ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir con su espíritu. Se desprende de esta Ley que la misma entró en vigor el 1 de julio de 2005; sin embargo, al no convertirse en Ley de Presupuesto 2006, esta Ley sigue estando vigente. ........".*

En la "Notificación de Resolución" fechada 15 y notificada el 16 de abril de 2009, en la que se comunicó el **NO HA LUGAR**, se informó como sigue:

"........

*Se apercibe a las partes de epígrafe que la parte adversamente afectada por esta Resolución podrá presentar una solicitud de revisión judicial ante el Tribunal de Circuito de Apelaciones dentro de un término de treinta (30) días a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final. La parte adversamente afectada podrá, sin embargo, dentro del término de veinte (20) días desde la fecha del archivo en autos de la Notificación de la Resolución presentar una Moción de Reconsideración de la Resolución. La Secretaría dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión ante el Tribunal de Circuito de Apelaciones comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.*

*Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a*

*contarse desde la fecha en que se archive en autos una copia de la Notificación de la Resolución de la Secretaría resolviendo definitivamente la Moción. Tal resolución deberá ser permitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la Moción.*

*Si la Secretaría acoge la Moción y dejare de tomar alguna acción con relación a ésta dentro de los noventa (90) días de haber sido radicada la Moción, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial ante el Tribunal de Circuito de Apelaciones empezará a contarse a partir de la expiración de dicho término de noventa (90) días, salvo que la Secretaría, por justa causa, extienda dicho término. ........".* (Ap. pág. 37)

El 4 de mayo de 2009, la Corporación instó una "Moción de Reconsideración" sobre la cual SPA no actuó, por lo que el 17 de junio de 2009, la Corporación instó la causa del epígrafe en la que imputa a Hacienda incidir de la siguiente manera:

*"Erró la Secretaría de Procedimientos Adjudicativos ("SPA") al determinar que la Ley 40 de 1ro de agosto de 2005 entró en vigor y de esta forma sostener la validez de la parte II B.1.iii de la Carta Circular de Rentas Internas Núm. 05-11 de 23 de septiembre de 2005."*

## Exposición y Análisis

### I

Tal y como se advierte de una lectura del expediente, el asunto en controversia se arraiga en la interpretación de qué ley es la que gobierna la tributación aquí en controversia, sobre ganancia de capital a largo plazo. Por tanto, realmente no estamos ante un asunto de "error matemático" que nos pueda proveer jurisdicción para entender en los méritos de esta causa por esta vía de **revisión administrativa**. Otro es el trámite que el legislador ha establecido para la revisión judicial de este asunto.

Como se sabe, el mero hecho de que la agencia ofrezca información equivocada respecto a la manera, y foro dónde procurar la revisión judicial del dictamen final administrativo, no puede implicar cambio en la ley, **"De lo contrario, el procedimiento [ ] sucumbiría ante los errores de forma de la agencia".** *Olivo v. Srio. de Hacienda*, 164 DPR 165, 177 (2005) (énfasis suplido).

También se ha resuelto **"...que un error en la resolución en cuanto al foro al cual las partes debían acudir para solicitar la revisión de una decisión...",** no puede militar en contra de los legítimos derechos del litigante que cumple con tales disposiciones. *Diócesis Mayagüez I. Católica v. J.P.*, 147 DPR 471, 476-477 (1999) (énfasis suplido).

El tema no es novel. En varias ocasiones, este foro de apelación intermedia lo ha tenido que atender. Tampoco es asunto de poca monta, porque el tema de la jurisdicción del foro judicial siempre y en toda etapa del proceso es de la más alta jerarquía e importancia. De ello depende directamente el efecto de lo que se resuelva en cada caso, e inclusive, la responsabilidad del juzgador. Por ello se le considera un asunto privilegiado.

### II

Como antes dicho, el tema ha sido ya tratado y resuelto por este Tribunal, por lo que en aras de la economía judicial transcribimos aquí y en lo pertinente, lo ya resuelto en la causa consolidada de *José L. Vázquez Irizarry v. Negociado de Asistencia Contributiva y Legislación*, KLRA-2004-00388 y otros 15, en la Sentencia del 31 de diciembre de 2004, por panel compuesto por las Honorables Rodríguez de Oronoz (Ponente), Feliciano Acevedo y Peñagarícano Soler; 2004 PR App. Lexis 2598.

"........,

El Código de Rentas Internas de Puerto Rico establece procedimientos administrativos para que el Departamento de Hacienda clarifique o corrija lo que a su juicio constituye una equivocación por parte de un contribuyente en el pago o declaración de sus contribuciones sobre ingresos. En lo pertinente a la controversia de autos, existen dos supuestos que, de darse, facultan al Secretario de Hacienda a intervenir con un contribuyente e intentar corregir cualquier equivocación en el pago de contribuciones sobre ingresos.

El primero ocurre cuando el Secretario de Hacienda determina que existe una **deficiencia** en la planilla de un contribuyente con respecto a la contribución impuesta por el Código de Rentas Internas. 13 L.P.R.A. § 8022. Dicha deficiencia puede darse cuando:

"...el monto por el cual la contribución impuesta por cualquier Parte del Código sobrepase el exceso de—

(1) La suma de—

(A) la cantidad declarada como contribución por el contribuyente en su planilla o en su declaración de impuestos si se rindió una planilla o declaración de impuestos por el contribuyente y se declaró en la misma por el contribuyente alguna cantidad como contribución o impuesto, más

(B) las cantidades previamente tasadas, o cobradas sin tasación, como deficiencia, sobre—

(2) el monto de las reducciones hechas, según éstas se definen en el inciso (c)(2)."

[13 L.P.R.A. § 8022(a)(1)].

Cuando el Secretario de Hacienda determina que hay una deficiencia en la contribución pagada o dejada de pagar por un contribuyente:

"... El Secretario notificará al contribuyente dicha deficiencia por correo certificado y el contribuyente podrá, dentro de los treinta (30) días siguientes a la fecha del depósito en el correo de dicha notificación, o dentro de la prórroga que a tal fin le conceda el Secretario, solicitar de éste, por escrito, reconsideración de dicha deficiencia y vista administrativa sobre la misma. Si el contribuyente no solicitare reconsideración en la forma y dentro del término aquí dispuesto, o si habiéndola solicitado, se confirmare en todo o en parte la deficiencia notificada, el Secretario notificará, por correo certificado en ambos casos, su determinación final al contribuyente con expresión del monto de la fianza que deberá prestar el contribuyente si deseare recurrir ante el Tribunal de Primera Instancia contra dicha determinación de deficiencia. Tal fianza no deberá exceder del monto de la contribución notificada, más intereses sobre la deficiencia, computados por el período de un año adicional al diez (10) por ciento anual.

(2) Cuando un contribuyente no estuviere conforme con una determinación final de deficiencia notificádale por el Secretario en la forma provista en la cláusula (1), **el contribuyente podrá recurrir contra dicha determinación ante el Tribunal de Primera Instancia, radicando demanda en la forma provista por ley dentro del término de treinta (30) días a partir de la fecha del depósito en el correo de la notificación de la determinación final, previa prestación de fianza a favor del Secretario, ante éste, y sujeta a su aprobación, por el monto expresado en la mencionada notificación de la determinación final**; Disponiéndose, sin embargo, que el contribuyente podrá pagar la parte de la contribución con la cual estuviere conforme y litigar el resto, en cuyo caso, la fianza no excederá del monto de la contribución que se litigue, más los intereses, recargos y cualesquiera otras adiciones a la contribución sobre la deficiencia computados en la forma provista en la cláusula (1)."

13 LPRA § 8022(a)(1) y (2). (Énfasis nuestro).

El segundo supuesto ocurre cuando el Departamento de Hacienda descubre un **error matemático** en la planilla radicada por el contribuyente, cuyo efecto neto resulta en una variación del monto de la contribución pagada o declarada. Ello, según se define en el Código de Rentas Internas, ocurre cuando se descubre:

"i) Un error de suma, resta, multiplicación o división que aparezca en cualquier planilla;

(ii) el uso incorrecto de cualquier tabla provista por el Código respecto a cualquier planilla si dicho uso incorrecto es aparente ante la existencia de cualquier otra información en la planilla;

(ii[*sic*]) una entrada en una planilla de una partida que es inconsistente con otra entrada de la misma partida o con otra partida en dicha planilla;

(iv) cualquier omisión de información que se requiere sea incluida en la planilla para evidenciar una entrada en la planilla, y

(v) una entrada en una planilla de una deducción o crédito en una cantidad que exceda el límite estatutario impuesto por este Subtítulo si tal límite es expresado--

(I) como una cantidad monetaria específica, o

(II) como un porcentaje, proporción o fracción si las partidas que entran en la aplicación de dicho límite aparecen en dicha planilla."

[13 L.P.R.A. § 8022(g)(3)(B)].

De darse este segundo supuesto, el Departamento de Hacienda le notifica al contribuyente de la existencia de un **error matemático** en su planilla sobre ingresos, y dicha notificación:

"...No será considerada como una notificación de deficiencia bajo el inciso (a) de esta sección o el inciso (f) anterior; **y el contribuyente no tendrá derecho a radicar un recurso ante el Tribunal de Primera Instancia basado en dicha notificación, ni dicha tasación o cobro serán prohibidos por las disposiciones del inciso (a) de esta sección**. Toda notificación bajo esta cláusula expresará la naturaleza del alegado error y la explicación del mismo."

13 L.P.R.A. § 8022(g)(1). (Énfasis nuestro).

En síntesis, cuando el Secretario de Hacienda determina que hay una deficiencia con respecto a la contribución impuesta por cualquier parte del Código de Rentas Internas, y el contribuyente así notificado agota los remedios administrativos dentro del Departamento de Hacienda, éste tiene derecho a presentar una demanda ante el Tribunal de Primera Instancia y solicitar la celebración de un juicio *de novo* con el fin de dilucidar la controversia contributiva. Lo anterior es cónsono con el ordenamiento instituido por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, mejor conocida como la Ley de Procedimiento Administrativo Uniforme (LPAU), 3 L.P.R.A. § 2101 *et. seq.* La sección 4.1 de la citada Ley exceptúa las órdenes, resoluciones y providencias dictadas por el Secretario de Hacienda del trámite revisor ordinario.

En cambio, cuando un contribuyente es notificado del hallazgo de un error matemático en su planilla, el contribuyente así notificado sólo tiene derecho a acudir al Tribunal de Apelaciones y solicitar revisión de la determinación final del Departamento de Hacienda mediante el trámite ordinario de revisión de decisiones administrativas. 3 L.P.R.A. § 2171.

"........

...La definición de error matemático dispuesta en el Código de Rentas Internas es sumamente específica y clara. Se refiere a meros errores de suma, resta o transcripción de cantidades de un lugar a otro dentro de una misma planilla, además de no presentar evidencia que sustente alguna entrada particular. Lo sucedido en el presente caso no se enmarca dentro de ninguna de las definiciones provistas por el Código referentes a errores matemáticos.

...

...En síntesis, la exclusión de las cuantías en controversia no resultó de una falla aritmética, la omisión de información necesaria para sustentar alguna entrada en la planilla, o la transcripción incorrecta de una partida a otra dentro de la misma planilla, como sugiere el Departamento de Hacienda."

Al considerar lo anteriormente discutido, somos de la opinión que las discrepancias entre el Secretario de Hacienda y los recurrentes de epígrafe constituyen controversias de hechos y derecho. Es decir, reflejan interpretaciones encontradas respecto a las leyes de rentas internas del Estado Libre Asociado de Puerto Rico; no reflejan fallas aritméticas. [ ] lo que, en última instancia, resultaba en **que el monto por el cual la contribución impuesta por el Secretario sobrepasara el exceso de la suma de la cantidad declarada como contribución por los recurrentes en sus respectivas planillas**, el Secretario de Hacienda debió haber determinado que existía una deficiencia en las planillas de los recurrentes. Consecuentemente, erró al notificarle a los recurrentes que había hallado un error matemático en sus respectivas planillas.

Lo expuesto anteriormente resulta trascendental desde el punto de vista del debido proceso de ley. El proceso debido a un contribuyente afectado por la determinación final del Departamento de Hacienda y el estándar revisorio que utilizan los cuerpos judiciales con competencia para revisar las resoluciones finales de dicho departamento, varían significativamente dependiendo de si se notifica la ocurrencia de un error matemático o el hallazgo de una deficiencia en el pago de contribuciones. Por un lado, la celebración de un juicio *de novo* le ofrece mayores oportunidades a un contribuyente afectado por la decisión final del Departamento de Hacienda de defender su causa. Como bien señala el Prof. Demetrio Fernández en su obra *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*, 2da ed., Forum:

"El procedimiento de carácter estatutario que provee para una revisión limitada es la manera de obtener la participación de los tribunales. No obstante, el juicio *de novo* puede ser una forma de revisión judicial. Tal y como lo implica la frase, se garantiza la celebración de unos procedimientos nuevos que no descansan en los que pudieran haberse celebrado ante la agencia administrativa. El tribunal revisor no está atado en manera alguna por las determinaciones y conclusiones de la agencia. El arribo al tribunal no reconoce la decisión administrativa que le haya precedido. Puede, por tanto, sustituirse por el tribunal las determinaciones, conclusiones y recomendaciones de la agencia. Es una forma de intervención judicial muy exigua en el ámbito administrativo."

En cambio, distinto ocurre cuando se presentan recursos de revisión ante el Tribunal de Apelaciones. Sabido es que ante el Tribunal de Apelaciones las decisiones de las agencias administrativas gozan de una presunción de legalidad y corrección. *Rebollo Vda. de Liceaga v. Yiyi Motors, Motor Ambar, Inc.*, 161 D.P.R. 69 (2004), [ ]; *O.E.G. v. Rodríguez y otros*, 159 D.P.R. 98 (2003), [ ]. (Citas añadidas) Los tribunales vienen obligados a respetar las determinaciones de una agencia mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas. *A.R.P.E. v. J.A.C.L.*, 124 D.P.R. 858 (1989); *Henríquez v. C.E.S.*, 120 D.P.R. 194 (1987). Todo esto, responde a que las agencias poseen un conocimiento especializado en los asuntos encomendándoles por el legislador, por lo que la función revisora de los tribunales se limita a determinar si la *interpretación o actuación administrativa fue arbitraria, ilegal o tan irrazonable que su actuación constituyó un*

abuso de discreción, a la luz de las pautas trazadas por el legislador. Esta doctrina pretende evitar la sustitución del criterio administrativo por el judicial. *Reyes v. Policía de P.R.,* 143 D.P.R. 85 (1997); *Rivera v. A&C Development Corp.*, 144 D.P.R. 450 (1997).

"....

Resolvemos que el procedimiento correcto es el de la notificación de deficiencia con derecho a juicio *de novo* según dispone la sección 6002(a)(1) del Código de Rentas Internas de 1994, *supra*, y la sección 4.1 de la LPAU, *supra*. Es mediante juicio *de novo* que las partes pueden presentar sus respectivos casos y probar sus alegaciones, pudiendo el tribunal dilucidar las controversias de hechos que se le presenten, interpretando no sólo el contenido de las cláusulas contractuales, sino la intención de los contratantes mediante la evaluación de los actos coetáneos y posteriores a la celebración del contrato." Art. 1234 del Código Civil de Puerto Rico, 31 L.P.R.A. § 3472.

### III

No contamos con discreción para asumir jurisdicción donde no la hay. *Souffront et. al. v. A.A.A.*, 164 DPR 663, 674 (2005); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 370 (2003). La falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogarse la jurisdicción que no tiene. En tales situaciones sólo contamos con facultad para señalar que no contamos con capacidad activa o autoridad en ley para entender en los méritos del asunto. *Rodríguez v. Syntex P.R., Inc.*, 148 DPR 604, 617-618 (1999).

Aun cuando las partes no lo planteen, todo tribunal viene obligado a velar por su jurisdicción. *Lugo v. Suárez*, 165 DPR 729 (2005), **2005 JTS 141**; *Morán v. Martí*, 165 DPR 356, 364 (2005), **2005 JTS 116**; *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997); *Lagares v. E.L.A.*, 144 DPR 601 (1997); *Vázquez v. A.R. P.E.*, 128 DPR 513 (1991).

Debido a que Hacienda no siguió el trámite ordenado por ley para el tipo de decisión administrativa aquí en controversia, que implica una alegada **deficiencia**, 13 LPRA 8022, la Corporación se ha visto impedida de recurrir ante el Tribunal de Primera Instancia, Sala Superior correspondiente en juicio *de novo* sec. 6002 (a)(1) Código de Rentas Internas 1994, que es el trámite correcto para la impugnación que aquí se intenta.

Procede, por tanto, desestimar este recurso por falta de jurisdicción para que el Hon. Secretario de Hacienda de Puerto Rico cumpla con el trámite de notificación adecuado. No podemos aquí entrar en los méritos del asunto tributario en controversia.

**Dictamen**

Conforme a lo señalado, desestimamos la causa del epígrafe por carecer de jurisdicción sobre al asunto realmente en controversia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones