Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| DAVID FIGUEROA<br><br>Demandante - Recurrido<br><br>v.<br><br>MUNICIPIO DE GUAYNABO<br><br>Demandado - Peticionario | KLCE202300397 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso núm.: CA2022CV02272 (403)<br><br>Sobre: Ley de Transparencia y Procedimiento Expedito para Acceso a la Información Pública (Ley núm. 141-2019) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de abril de 2023.

El Tribunal de Primera Instancia ("TPI") denegó una solicitud de relevo de sentencia instada por un municipio objeto de un recurso especial sobre acceso a información. Según se explica en detalle a continuación, concluimos que erró el TPI, pues tanto el recurso, como la propia sentencia, fueron erróneamente notificados por el TPI.

I.

El 20 de mayo de 2022, el Sr. David Figueroa Betancourt (el "Demandante") notificó una solicitud de información (la "Petición") al municipio de Guaynabo (el "Municipio"), por correo electrónico, que lee como sigue:

> Por medio del presente, el Sr. David Figueroa remite, en documento adjunto, solicitud de información al amparo de la Ley Núm. 141-2019 y la Carta Circular Núm. 2020-01 del Departamento de Justicia de Puerto Rico.[1]

---

[1] Véase Petición de *Certiorari*, Apéndice III-A, pág. 6.

El correo electrónico se dirigió a tres destinatarios: **lbaez@guaynabocity.gov.pr**,[2] jtorren**f**@guaynabocity.gov.pr y jtorren**t**@guaynabocity.gov.pr.[3] El correo electrónico incluyó como documento adjunto la Petición, la cual fue enviada a: Municipio de Guaynabo, Edward O'Neill Rosa, Alcalde, Municipio Autónomo de Guaynabo, C. José De Diego, Guaynabo, PR 00970, P.O Box 7885 Guaynabo, P.R. 000970-7885; a una *Ayudante Especial*, Laura Báez: lbaez@guaynabocity.gov.**co**; y al *Director Interino de Asuntos Legales*, Jaime Torren**f**: jtorren**f**@guaynabocity.gov.**com**.[4]

El 17 de junio de 2022, el Municipio contestó que objetaba la Petición por considerarla excesivamente amplia y contraria al propósito de la Ley 141-2019.[5]

El 15 de julio de 2022, el Demandante presentó la acción de referencia, denominada *Recurso Especial de Revisión Judicial para el Acceso a Información Pública* (el "Recurso"), ello bajo la Ley 141-2019 ("Ley 141"), conocida como la Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública.

**En el Recurso, el Demandante aseveró que la Petición se había enviado por correo electrónico a: lbaez@guaynabocity.gov.pr y jtorrens@guaynabocity.gov.pr.**[6] Se alegó que el Municipio no brindó acceso a la información solicitada dentro del término dispuesto por ley.[7]

Ese mismo día, el TPI expidió una *Notificación sobre Recurso Especial de Revisión Judicial para el Acceso a Información Pública* (la "Notificación del Recurso"), mediante la cual le informó al Municipio del recurso presentado en su contra y le ordenó comparecer por

---

[2] La dirección de correo electrónico de la Sra. Ileana Báez es la única escrita correctamente. Véase Petición de *Certiorari*, Apéndice XI-2.

[3] Véase Petición de *Certiorari*, Apéndice III-A, pág. 6.

[4] *Íd.*, pág. 7. Las direcciones de correo electrónico fueron escritas incorrectamente pues no utilizaron **PR** al final, sino **CO** y **COM**. Además, el nombre correcto del Director Interino de Asuntos Legales es Jaime Torren**s** y no Torren**f**.

[5] Véase Petición de *Certiorari*, Apéndice XI-3, págs. 57-58.

[6] Las direcciones de los correos electrónicos fueron escritas correctamente. Véase Petición de *Certiorari*, Apéndice XI-2, pág. 56.

[7] Véase Petición de *Certiorari*, Apéndice III, pág. 5.

escrito en un término de 10 días laborables. Aunque el documento contiene la dirección postal correcta del Municipio (un PO Box)[8], la Notificación del Recurso se envió únicamente a un correo electrónico incorrecto y diferente al que el propio Demandante aseveró era el correcto en el Recurso (lbaez@guaynabocity.gov.co y jtorrens@guaynabocity.gov.pr.). Véase Formulario Único de Notificación, OAT 1812.[9]

El 2 de agosto, el TPI notificó una *Orden* mediante la cual concedió 20 días al Municipio para replicar al Recurso; no obstante, la misma también fue notificada únicamente a la misma dirección electrónica incorrecta usada para notificar el Recurso (lbaez@guaynabocity.gov.**co**.)[10]

Como el Municipio no compareció, el **13 de septiembre** el TPI notificó una *Sentencia* en rebeldía (la "Sentencia"). Dicho foro aseveró que el Recurso se había notificado al Municipio mediante correo ordinario[11] y se consignó lo siguiente:

> [...] El término de 10 días laborables para comparecer por escrito, según dispone el artículo 9 de la Ley Núm. 141 de 2019, venció.
>
> Al día de hoy, no obra evidencia de que la notificación hecha por la secretaría haya sido devuelta, razón por la cual debemos asumir y presumir que llegó a su destino. Tampoco obra presentado en el expediente electrónico, la comparecencia del peticionado, por lo que, según lo advertido en la notificación cursada, **procedemos a anotarle la rebeldía**. (Énfasis en el original).[12]

Una vez más, el TPI únicamente notificó la Sentencia a través del mismo correo electrónico incorrectamente usado anteriormente

---

[8] Véase Petición de *Certiorari*, Apéndice IV, pág. 20.

[9] *Íd.,* pág. 19. **Véase, además, Expediente Electrónico del Sistema Unificado de Manejo y Administración de Casos ("SUMAC"),** *Notificación de Secretaría,* **donde surge que el 15 de julio de 2022, la Secretaría del TPI procedió a notificar el documento en cuestión al Municipio solo por correo electrónico.**

[10] Véase Petición de *Certiorari*, Apéndice V, pág. 21.

[11] Véase Petición de *Certiorari*, Apéndice VII, pág. 26.

[12] *Íd.,* pág. 32.

por el TPI para "notificar" al Municipio (lbaez@guaynabocity.gov.**co**.)[13]

El 26 de octubre, el Demandante solicitó la ejecución de la Sentencia, a raíz de lo cual, el 31 de octubre, el TPI le concedió 20 días al Municipio para mostrar causa por la cual no debía citar al Alcalde para una vista de desacato.[14]

El **15 de febrero**, el Demandante envió una comunicación electrónica a la Lcda. Lavy Aparicio López en torno al Recurso y la Sentencia. Solicitó que informara si representaba al Municipio en el asunto e indagó sobre el término en el que se cumpliría con la Sentencia.

El **27 de febrero**, el Municipio compareció ante el TPI; informó que recientemente había conocido sobre el Recurso y, ese mismo día, presentó una *Urgente Moción Solicitando Relevo de Sentencia* (la "Moción"). El Municipio expuso que nunca se le notificó el Recurso, las órdenes emitidas por el TPI o la *Sentencia.* Resaltó que todas las notificaciones fueron enviadas por el TPI a una dirección incorrecta: lbaez@guaynabocity.gov.**co**. Sostuvo que advino en conocimiento del Recurso y la *Sentencia* cuando la representación legal del Demandante le envió la comunicación electrónica del 15 de febrero a la que se hizo referencia arriba.

El Demandante se opuso a la Moción; aseveró que el TPI había notificado el Recurso al Municipio por correo regular a su dirección correcta de apartado postal (PO BOX 7885 Guaynabo PR 00970-7885).

Mediante una Resolución notificada el 16 de marzo, el TPI denegó la Moción, ello sin consignar explicación alguna.

---

[13] *Íd.*, pág. 25.
[14] La *Orden* fue notificada al Municipio a la misma dirección errónea: LBAEZ@GUAYNABOCITY.GOV.**CO**.

El 23 de marzo, el Municipio solicitó reconsideración, lo cual fue denegado por el TPI mediante una Resolución notificada el 24 de marzo.

Inconforme, el 12 de abril, el Municipio presentó el recurso que nos ocupa; plantea que el TPI cometió los siguientes errores:

1. Erró el Tribunal de Primera Instancia al denegar la Solicitud de Relevo de Sentencia no reconociendo que la notificación del recurso al Municipio se realizó a la dirección que surge de la boleta de notificación, y no a la dirección en el documento judicial notificado, por lo que, al actuar sin jurisdicción, la Sentencia expedida es nula.

2. Erró el Tribunal de Primera Instancia al denegar la Solicitud de Relevo de una Sentencia que no fue emitida conforme a derecho ya que concede la totalidad del Recurso Especial aún siendo parcialmente improcedente en derecho.

Le ordenamos al Demandante mostrar causa, en o antes del 25 de abril, por la cual no debíamos expedir el auto de *certiorari* y revocar la decisión de denegar la Moción.   Sin embargo, el Demandante no compareció.  Resolvemos.

II.

La Ley 141 provee un mecanismo para solicitar cierta información pública a ciertas entidades públicas, incluidos los municipios.    Art. 2 de la ley 141, 3 LPRA sec. sec. 9912.  En lo pertinente, el Artículo 6 de la Ley 141 establece que:

> Cualquier persona podrá solicitar información pública mediante solicitud escrita o por vía electrónica, sin necesidad de acreditar algún interés particular o jurídico. El Oficial de Información tendrá la responsabilidad de notificar, por email, fax o correo regular, a todo peticionario de información o documentación pública que su solicitud fue recibida y el número de identificación de la misma. 3 LPRA sec. 9916.

Por su parte, el Artículo 9 de la Ley 141 permite la presentación de un *Recurso Especial de Acceso a Información Pública.* En específico, se dispone que:

Cualquier persona a la cual una entidad gubernamental le haya notificado su determinación de no entregar la información solicitada o que no haya hecho entrega de la información dentro del término establecido o su prórroga, tendrá derecho a presentar, por derecho propio o a través de su representación legal, ante la sala del Tribunal de Primera Instancia de la Región Judicial de San Juan un Recurso Especial de Acceso a Información Pública.

[…]

**La notificación del recurso a la entidad gubernamental deberá ser realizada por el propio tribunal** sin costo alguno. Para esto, el Secretario del Tribunal de Primera Instancia en que se haya presentado el recurso, emitirá una notificación a la entidad gubernamental que haya notificado al solicitante su determinación de no entregar la información o que no haya hecho entrega de la información dentro del término establecido para que esta comparezca por escrito, apercibiéndole que si así no lo hiciere, se estaría allanando a las alegaciones de la demanda y se procedería a expedir el remedio solicitado que proceda conforme a este capítulo, sin más citarle ni oírle.

[…]

3 LPRA sec. 9919.

III.

Todo procedimiento adversativo debe cumplir con ciertos requisitos para satisfacer las exigencias del debido proceso de ley, a saber: (1) **una notificación adecuada**; (2) que el proceso se celebre ante un adjudicador imparcial; (3) la oportunidad de ser oído y defenderse; (4) el derecho a contrainterrogar a los testigos y a examinar evidencia presentada en su contra; (5) contar con la asistencia de un abogado; y (6) que la decisión se base en el récord o expediente del caso. Véase, *Calderón Otero v. CFSE*, 181 DPR 386, 399 (2011); *Vázquez González v. Mun. San Juan*, 178 DPR 636, 643 (2010); *Hernández v. Secretario*, 164 DPR 390, 395-396 (2005); véase, además, *López y otros v. Asoc. de Taxis de Cayey*, 142 DPR 109, 115 (1996).

La notificación incluye el mecanismo que la ley contemple para intentar asegurar que la parte promovida en una acción conozca sobre la misma y tenga así la oportunidad de defenderse. Véase *León v. Rest. El Tropical*, 154 DPR 249 (2001); *Rodríguez v. Nasrallah*, 118 DPR 93 (1986). En una acción civil ordinaria, ello típicamente ocurre mediante el emplazamiento personal; no obstante, en el caso de ciertas otras acciones especiales, se provee para otros mecanismos de notificación. En cualquier caso, para que la notificación sea efectiva, la misma debe hacerse correctamente y de conformidad con el mecanismo autorizado por ley. *Román Ortiz v. OGPe*, 203 DPR 947, 956 (2020); véase, además, *Ortiz v. ARPe*, 146 DPR 720, 723-724 (1998).

Además, la notificación de las determinaciones judiciales forma parte importante del debido proceso de ley. Véase, por ejemplo, *Plan Salud Unión v. Seaboard Sur. Corp.*, 182 DPR 714, 722 (2011), citando a *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86, 94 (2011).

IV.

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, dispone como sigue (énfasis suplido):

> Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:
>
> (a) Error, inadvertencia, sorpresa, o negligencia excusable;
>
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
>
> (c) fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;
>
> (d) nulidad de la sentencia;

(e)     la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, o

(f)     cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d).  La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento.  Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos.  Esta regla no limita el poder del tribunal para: (1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento; (2) conceder un remedio a una parte que en realidad no haya sido emplazada, y (3) dejar sin efecto una sentencia por motivo de fraude al tribunal....

Así pues, la referida regla establece el mecanismo procesal para solicitar al TPI el relevo de los efectos de una sentencia por las razones enumeradas en esta.  *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010).  Este remedio es discrecional, y le corresponde al tribunal determinar si, bajo las circunstancias específicas del caso, existen razones que justifiquen el relevo. *Íd.*, a la pág. 540.

La Regla 49.2, *supra*, no puede utilizarse "para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación". *Íd.*  El mecanismo de relevo de sentencia "no está disponible para *corregir errores de derecho* ni errores de apreciación o valoración de la prueba; estos son fundamentos para reconsideración o apelación, pero no para el relevo". *Íd.*, a las págs. 542-3 (énfasis en el original), citando a R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 4ta ed., San Juan, Ed. LexisNexis, 2007, Sec. 4803, pág. 352.

De igual modo, el término de seis (6) meses de haberse registrado la sentencia para presentar la moción de relevo es fatal. *Sánchez Ramos v. Troche Toro*, 111 DPR 155, 157 (1981); *Municipio de Coamo v. Tribunal Superior*, 99 DPR 932, 937 (1971). Es decir, transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo. *García Colón et al.*, 178 DPR a la pág. 543. Ello así, toda vez que las determinaciones judiciales que son finales y firmes no pueden estar sujetas a ser alteradas por tiempo indefinido. *Piazza Vélez v. Isla del Río*, 158 DPR 440, 449 (2003).

No obstante, si una sentencia se dicta sin jurisdicción, el tribunal estará obligado a declararla nula y relevar a la parte afectada de los efectos de dicha sentencia. *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 921-922 (2000). Por tanto, una sentencia dictada sin jurisdicción por un tribunal es una sentencia nula en derecho e inexistente. *Íd.* Cuando una sentencia es nula, nunca tuvo eficacia, ni advino a la vida jurídica, es decir, no existió como cuestión de derecho. *Íd.*

En estos casos, el tribunal, *motu proprio* o a petición de una parte interesada, puede dejar sin efecto la sentencia en cualquier momento, puesto que una sentencia nula es inexistente y, por lo tanto, no tiene ningún efecto jurídico. *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, 244 (1996).

## V.

Concluimos que el TPI debió conceder la Moción y, dejar sin efecto la Sentencia, así como la anotación de rebeldía al Municipio. El TPI nunca adquirió jurisdicción sobre el Municipio, pues el Recurso no fue notificado por el TPI a una dirección correcta. Por su parte, la Sentencia nunca surtió efecto, pues tampoco fue notificada a una dirección correcta. De hecho, el correo electrónico incorrecto utilizado por el TPI (única dirección utilizada por el TPI antes de que el Municipio compareciera en febrero de este año) es

distinto al provisto por el propio Demandante en el Recurso. Peor aún, a pesar de conocer la dirección correcta postal (PO Box) del Municipio, el TPI tampoco la utilizó en momento alguno.

En efecto, en el Recurso, el Demandante consignó dos correos electrónicos correctos para dos funcionarios del Municipio: lbaez@guaynabocity.gov.**pr** y **jtorrens**@guaynabocity.gov.**pr**. A pesar de ello, el TPI optó por notificar el Recurso y la Sentencia únicamente a un correo electrónico distinto (y evidentemente incorrecto de su faz): lbaez@guaynabocity.gov.**co**.

Aunque la Notificación del Recurso emitida por el TPI certeramente contenía la dirección postal correcta del Municipio (PO Box 7885, Guaynabo PR 00970-7885), del récord surge que, en realidad, el TPI no notificó el Recurso a través del correo regular a dicha dirección, sino que únicamente utilizó el correo electrónico incorrecto arriba indicado.[15]

De forma similar, las órdenes posteriores a la Notificación del Recurso**, así como la Sentencia**, fueron igualmente notificadas por el TPI únicamente al correo electrónico incorrecto arriba indicado.

Por tanto, el TPI claramente no cumplió con su obligación de notificar correctamente al Municipio en torno al Recurso, según lo contempla la Ley 141, por lo cual dicho foro no adquirió jurisdicción sobre dicha parte. Al no haberse tampoco notificado correctamente la Sentencia, la misma es nula; entiéndase, inoficiosa e inexistente. Así pues, el TPI erró al denegar la Moción.

VI.

Por los fundamentos antes expuestos, se expide el auto solicitado, se revoca la decisión recurrida y se devuelve el caso al Tribunal de Primera Instancia para que dicho foro re-inicie el procedimiento contemplado por ley y, así, adquiera válidamente

---

[15] Véase SUMAC, *Notificación de Secretaria* y Formulario Único de Notificación OAT 1812.

jurisdicción sobre el Municipio a través de una notificación correcta y adecuada dirigida a: Municipio de Guaynabo, PO Box 7885 Guaynabo, P.R. 000970-7885, lbaez@guaynabocity.gov.pr; jtorrens@guaynabocity.gov.pr y wrobles@guaynabocity.gov.pr, así como para trámites ulteriores compatibles con lo aquí resuelto y expuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones