Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| LUIS E. PIÑERO VIÑALES<br><br>Recurrido<br><br>v.<br><br>MUNICIPIO DE CAROLINA<br><br>Recurrente | KLRA202400005 | Revisión Administrativa procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm.:<br>2009-04-0906<br><br>Sobre:<br>Retención |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 19 de abril de 2024.

Comparece el Municipio de Carolina (el Municipio o la parte recurrente) y solicita la revocación de la *Resolución* emitida y notificada el 28 de agosto de 2023, por la Comisión Apelativa del Servicio Público (CASP). Mediante la referida *Resolución*, la CASP acreditó su jurisdicción para atender la Apelación presentada por el Sr. Luis E. Piñero Viñales (señor Piñero Avilés o el recurrido), el 21 de abril de 2009, en la que el recurrido impugnó la determinación del Municipio de cesantearlo por incapacidad para realizar las funciones de su puesto como Policía Municipal. Examinado el recurso, así como los escritos que le acompañan a tenor con el derecho aplicable, resolvemos confirmar la *Resolución* recurrida.

En lo pertinente al caso que nos ocupa, los hechos procesales probados ante la CASP, sobre los cuales no existe controversia,

establecen que, el 19 de junio de 1998, la Policía Municipal de Carolina inició una investigación en contra del recurrido por su detención por la Policía de Puerto Rico, en función de la cual el señor Piñero Viñales fue eventualmente exonerado. Por esos hechos, el recurrido instó una reclamación judicial por daños y perjuicios el 21 de junio de 1999 en contra del Municipio y el ELA ante TPI, Sala de Carolina, en la que el señor Piñero Viñales prevaleció. La Sentencia fue notificada por el Tribunal de Primera Instancia el 27 de diciembre de 2004, en el caso con designación alfanumérica FDP1999-0407.

En el interín, el 3 de junio de 2003, antes de emitirse la Sentencia en dicho caso FDP1999-0407, el Municipio envió al recurrido una carta de intención de cesantía fechada 30 de mayo de 2003 por correo certificado, a la Calle Las Marías D-18, Villas de Justicia, Carolina PR 00985, la cual fue devuelta debido a que no fue reclamada en el servicio postal.

Mediante carta de 10 de febrero de 2006, recibida por el Municipio el 24 de febrero de ese año, el señor Piñero Viñales solicitó que se le notificara la decisión sobre su estatus como empleado en la Policía Municipal. De dicha solicitud el recurrido no recibió respuesta. Posteriormente, mediante carta de 17 de marzo de 2008, recibida por el Municipio el 19 de marzo de ese año, el recurrido, tras hacer referencia a la carta de 10 de febrero de 2006, le solicitó al Municipio una reunión para conocer su posición con respecto a su estatus como empleado. Finalmente, el **19 de marzo de 2009**, el señor Piñero Viñales se reunió con personal del Municipio y advino en conocimiento de la carta de intención de cesantía por incapacidad para ejercer sus funciones como Policía Municipal, la cual tenía fecha del 30 de mayo de 2003. Dicha

carta de intención de cesantía había sido remitida por el Municipio al recurrido por correo certificado anteriormente, el 3 de junio de 2003, a la Calle Las Marías D-18, Villas de Justicia, Carolina PR, 00985 y **fue devuelta debido a que no fue reclamada en el servicio postal.**

El **21 de abril de 2009** el señor Piñero Viñales presentó la Apelación ante la actual CASP. El Municipio solicitó la desestimación de la Apelación por prescripción. Adujo el Municipio que el término jurisdiccional de treinta (30) días dispuesto en el inciso (a) de la Sección 1.2 del Reglamento Procesal de la Comisión Apelativa para apelar ante la CASP venció el 3 de julio de 2003. Razonó el Municipio que el 3 de junio de 2003 depositó en el correo la carta de intención de cesantía fechada 30 de mayo de 2003 dirigida al apelante a una dirección que que le pertenecía o que en algún momento le perteneció, por lo que el término venció el 1 de julio de 2003. Por su parte, el recurrido sostuvo que nunca le fue notificada la carta de intención de cesantía a su dirección postal. Sobre estos extremos se celebró vista en su fondo el 28 y 29 de marzo de 2019 y el 23 de abril de 2019.

Mediante *Resolución* emitida y notificada el 28 de agosto de 2023, la CASP acreditó su jurisdicción para atender en sus méritos la Apelación presentada por el señor Piñero Viñales por considerarla oportuna. Concluyó que el término de treinta (30) días para apelar ante la CASP comenzó a decursar el 19 de marzo de 2009, fecha en que el señor Piñero Viñales se reunió con personal del Municipio y advino en conocimiento de la carta de intención de cesantía por incapacidad para ejercer sus funciones como Policía Municipal, la cual tenía fecha del 30 de mayo de 2003. En desacuerdo, el Municipio solicitó reconsideración y, mediante Resolución emitida y notificada el 12 de diciembre de

2023, la CASP declaró No Ha Lugar la solicitud de Reconsideración presentada.

Inconforme, el Municipio comparece ante nosotros mediante el recurso de epígrafe. Sostiene, que incidió la CASP al resolver que el término jurisdiccional para apelar ante dicho organismo comenzó a decursar el 19 de marzo de 2009, al concluir que la apelación presentada por el recurrido el 21 de abril de 2009 fue oportuna y que no medió incuria por parte del señor Piñero Viñales. Razona el Municipio, que el aludido término jurisdiccional para acudir ante la CASP comenzó a decursar desde que el recurrido hizo los primeros reclamos a la Autoridad Nominadora, el 10 de febrero de 2006 y el 17 de marzo de 2008, los cuales activaron el plazo para apelar, por lo que el recurrido acudió ante la CASP expirado dicho término jurisdiccional.

Es, además, la contención del Municipio de Carolina que erró la CASP al concluir que ante la falta de notificación adecuada de la carta de intención de cesantía **no medió incuria** por parte del señor Piñero Viñales. Arguye, que al tomar como punto de partida la fecha de notificación de la sentencia del caso civil núm. FDP1999-0407 el 27 de diciembre de 2004 hasta la fecha del primer reclamo escrito del recurrido a la Autoridad Nominadora el 10 de febrero de 2006 hay incuria por parte del señor Piñero Viñales y que, además, no es hasta el 21 de abril de 2009 que el recurrido presentó la apelación ante la CASP.

El señor Piñero Viñales compareció ante nosotros mediante *Alegato en Oposición* En ajustada síntesis, sostiene que la notificación a la que alude el Municipio no fue una notificación válida ni efectiva, por lo que no activó ningún término jurisdiccional para apelar ante la CASP. Argumenta que quedó claramente establecido que el recurrido

obtuvo conocimiento de la intención de la carta de cesantía el 19 de marzo de 2009, por lo que fue a partir de esa notificación que comenzó a decursar el término jurisdiccional de treinta (30) días para apelar ante la CASP. En lo pertinente al señalamiento del Municipio sobre la aplicación de la doctrina de incuria a la tardanza del recurrido en presentar su reclamo, el señor Piñero Viñales sostiene que fueron los actos propios del Municipio los causantes de la demora imputada al recurrido por lo tampoco incidió la CASP al negarse a aplicar la doctrina de incuria.

La Comisión Apelativa del Servicio Público (CASP) es el foro administrativo cuasi-judicial, especializado en asuntos obrero-patronales y del principio de mérito, en el que se atienden casos laborales, de administración de recursos humanos de querellas para empleados públicos. *Plan de Reorganización de la Comisión Apelativa del Servicio Público*, Plan de Reorganización Núm. 2-2010, 3 LPRA Ap. XIII, Artículo 4. La Asamblea Legislativa delimitó la jurisdicción de este foro administrativo, mediante un esquema dual de jurisdicción primaria de la comisión y jurisdicción apelativa. Respecto a la jurisdicción o autoridad que ostenta la CASP, el Artículo 11 del *Plan de Reorganización*, especificó tendrá jurisdicción primaria sobre las reclamaciones surgidas como consecuencia de acciones o decisiones del patrono en violación a las disposiciones de la Ley Núm. 45 de 1998, según enmendada, entre otras. Dispone, además, el Artículo 10 que ningún caso podrá ser radicado luego de transcurridos seis (6) meses de los hechos que dan base al mismo, excepto que la parte contra quien se haya radicado, intencionalmente haya ocultado los hechos que dan base al mismo o que durante el período de seis (6) meses luego de los hechos,

la parte promovente haya estado legalmente incapacitada para radicarlo, o que no tuvo conocimiento de los hechos durante ese período. En estos casos, la Comisión determinará si la dilación en radicar el mismo es razonable conforme a los principios generales de incuria. 3 LPRA Ap. XIII, Artículo 10.

En cuanto a su facultad revisora, el Artículo 12 del *Plan de Reorganización* dispone que la CASP tendrá jurisdicción exclusiva sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45-1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley 8-2017, según enmendada, la Ley 107- 2020, según enmendada, conocida como "Código Municipal de Puerto Rico", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable;3 LPRA Ap. XIII, Artículo 12.

En estos casos, la parte adversamente afectada e interesada a iniciar una querella o apelación, debe presentar su escrito ante la CASP "dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha en que se le notifica la acción o decisión, objeto de apelación, en caso de habérsele notificado por correo, personalmente, facsímile o correo electrónico, o desde que advino en conocimiento de la acción o decisión por otros medios". 3 LPRA Ap. XIII, Artículo 14. Observando este mandato de ley, la CASP adoptó el *Reglamento*

*Procesal*, Reglamento Núm. 7313, 7 de marzo de 2007, que en su Sección 1.2 (a) dispone que la solicitud de apelación se radicará en la Secretaría de la CASP dentro del término jurisdiccional de treinta (30) días consecutivos a partir de la fecha de notificación de la acción o decisión objeto de apelación en caso de habérsele cursado comunicación escrita, o desde que advino en conocimiento de la acción o decisión por otros medios.

Por medio de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,[1] se extendió las garantías del debido proceso de ley a todo procedimiento adjudicativo formal ante las agencias. En lo pertinente al presente caso, es mediante el emplazamiento o notificación que se cumple con el requisito de notificación adecuada de la reclamación presentada.[2] La notificación adecuada es efectiva cuando es enviada a la dirección correcta y es realizada a través de los mecanismos autorizados.[3] En la jurisprudencia se ha distinguido entre la notificación que es devuelta con la anotación de "no reclamada" (*unclaimed*) y las notificaciones devueltas por ser rechazadas (*refused*) por el destinatario.[4] La notificación rechazada implica la acción deliberada y expresa del destinatario de no aceptar la correspondencia cursada, puesta ésta a su alcance.[5] En estos casos, la notificación devuelta cumple con los requisitos de una debida notificación por correo.[6] La correspondencia devuelta *por no ser reclamada* se distingue de las rechazadas en la carencia de acciones

---

[1] Ley Núm. 38 de 30 de junio de 2017, 3 LPRA sec. 9641.
[2] Véase, *León v. Rest. El Tropical*, 154 DPR 249 (2001); *Rodríguez v. Nasrallah*, 118 DPR 93 (1986).
[3] *Román v. OGPe*, 203 DPR 947, 956 (2020); Véase, además, *Ortiz v. ARPe*, 146 DPR 720, 723-724 (1998).
[4] *Rivera v. Jaume*, 157 DPR 562, 581-582 (2002).
[5] *Román v. OGPe*, supra, pág. 959.
[6] Véase, *Danz v. Lockhart*, 967 P.2d 1075 (Idaho 1998).

expresas que dejen de plano la intención del destinatario. Por consiguiente, en las notificaciones no reclamadas la devolución puede deberse a razones que estén ajenas a la voluntad del destinatario, como lo es la anotación de una dirección incorrecta.[7]

De otra parte, a doctrina de incuria consiste en la "dejadez o negligencia en el reclamo de un derecho, los cuales en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad." *Molini Gronau v. Corp. PR Dif. Pub.*, 179 DPR 674, 687 (2010). La aplicación de esta doctrina requiere de un análisis sosegado de los hechos y circunstancias particulares de cada caso. *Pérez, Pellot v. J.A.S.A.P.*, 139 DPR 588 (1995). Por consiguiente, debe considerarse si existe alguna justificación para la demora, el perjuicio que ocasionó el atraso y el efecto causado sobre los intereses públicos y privados envueltos. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998 (2008). Sin embargo, "la incuria aplica cuando no existe un término reglamentario o en ley para realizar determinada acción, pero también se ha aplicado cuando existe un término que no se notificó debidamente", y [d]e esa forma, ante la ausencia de un término reglamentario, se ha aplicado el criterio de 'termino razonable'." *Consejo de Titulares v. Ramos Vázquez*, 186 DPR 311, 341 (2012), que cita a *Pueblo v. Valentín*, 135 DPR 245 (1994) y a *Buena Vista Dairy, Inc. v. J.R.T.*, 94 DPR 624 (1967)).

En el caso de epígrafe, el 19 de marzo de 2009, el recurrido advino en conocimiento de la carta de intención de cesantía fechada 30 de mayo de 2003, enviada por el Municipio originalmente el 3 de junio

---

[7] *Román v. OGPe,* supra, pág. 959.

de 2003 y devuelta por el servicio postal. Sobre estos hechos no existe controversia. Conforme a ellos, es forzoso concluir que toda vez que el recurrido presentó la Apelación ante la CASP el **21 de abril de 2009**, su radicación fue oportuna, al ser presentada dentro del término jurisdiccional de treinta (30) días dispuesto en el Artículo 14 del Plan de Reorganización Núm. 2-2010, 3 LPRA Ap. XIII, Artículo 14. y en la Sección 1.2 **(a)** del Reglamento Núm. 7313. El aludido término jurisdiccional de treinta días comenzó a decursar el 19 de marzo de 2009, a partir de que el recurrido advino en conocimiento de la intención del Municipio de cesantearlo. Al haber sido devuelta por el servicio postal la carta de intención de cesantía fechada 30 de mayo de 2003 y enviada por el Municipio el 3 de junio de 2003, no se activó término jurisdiccional alguno en esa fecha. El señor Piñero Viñales no incurrió en incuria de forma alguna, pues a la luz de cobrar noción de la cesantía pretendida, este presentó la Apelación ante la CASP el **21 de abril de 2009,** fecha que estaba dentro del término jurisdiccional de treinta días activado a partir del 19 de marzo de 2009.

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, procede confirmar la Resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Brignoni Mártir disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| | | |
|---|---|---|
| LUIS E. PIÑERO VIÑALES<br><br>Recurrido<br><br><br>v.<br><br><br>MUNICIPIO DE CAROLINA<br><br>Recurrente | KLRA202400005 | Revisión Administrativa procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm.:<br>2009-04-0906<br><br>Sobre:<br>Retención |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

## VOTO DISIDENTE DE LA JUEZA BRIGNONI MÁRTIR

En San Juan, Puerto Rico, a 19 de abril de 2024.

El estado de derecho establecía específicamente que un apelante contaba con el término jurisdiccional de 30 días contados a partir de la fecha de la notificación de la acción o decisión objeto de apelación en caso de habérsele cursado comunicación escrita o desde que advino en conocimiento de la acción o decisión por otros medios. De no existir comunicación escrita **y la parte afectada hubiera hecho un planteamiento o reclamo a la Autoridad Nominadora** y no reciba respuesta alguna en los siguientes 60 días desde que cursó la misiva, la parte afectada tendrá un término jurisdiccional de 30 días contados a partir del vencimiento del vencimiento del término de 60 días para presentar una Apelación ante la CASP.

Es un hecho adjudicado que el Municipio notificó inadecuadamente al señor Piñero Viñales una carta de intención de cesantía con fecha de 30 de mayo de 2003 por lo que su envío resultó inoficioso.

No obstante, no fue hasta el **10 de febrero de 2006**, el señor Piñero Viñales envió carta al Municipio solicitando conocer su status como empleado. Al no recibir respuesta dentro de los siguientes 60 días,

comenzó a transcurrir el término jurisdiccional de 30 días para presentar su Apelación, la cual debió haber sido presentada en o antes del 25 de mayo de 2006. Aproximadamente dos años después, con fecha de 17 de marzo de 2008, el señor Piñero Viñales envió una segunda carta al Municipio. El Municipio contaba hasta el 17 de mayo de 2008 para contestarle. Al no hacerlo, se activó el término de 30 días para instar su Apelación. No fue hasta el **21 de abril de 2009,** que el señor Piñero Viñales presentó su recurso apelativo, por lo que la Agencia carecía de jurisdicción para acogerlo.

　　　Ante estos hechos debidamente establecidos, considero que erró la CASP al descartar el muy bien fundamentado informe de la Comisionada Asociada que fungió como oficial Examinadora y asumir jurisdicción sobre el recurso. Muy respetuosamente opino que procedía la revocación de la Resolución recurrida.

**Maritere Brignoni Mártir**
**Juez del Tribunal de Apelaciones**